

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**DANIEL LEE COBURN,**

    Petitioner,

v.                                **CIVIL NO. 02-0069 BB/DJS**

**TIM LeMASTER, Warden,**

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner, who is represented by counsel, seeks to vacate the judgment and sentence entered in No. CR 93-397-6 in the Eleventh Judicial District, San Juan County, of New Mexico. In that proceeding Petitioner was convicted following a jury trial of one count of Trafficking in a Controlled Substance. Petitioner was also adjudged to be an habitual offender and was sentenced to a term of imprisonment of thirteen years, to be followed by two years of parole.

2. Petitioner challenges his conviction and sentence on the ground that he was denied the effective assistance of counsel at trial and on the ground that he was denied Due Process and a fair trial when he was viewed by the jurors at his trial in shackles and handcuffs before the proceeding

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.



began.

3. 28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent concedes that Petitioner has exhausted his state court remedies as to the claims brought in the instant petition. However, Respondent asserts that the petition is time barred and filed a Motion to Dismiss the petition (Docket No. 8) on that ground. The Court agrees.

4. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified in part as 28 U.S.C. §2244(d)(1), became effective April 24, 1996 and established a one year statute of limitations for bringing *habeas* petitions pursuant to 28 U.S.C. §2254. That time period begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of time for direct review. 28 U.S.C. §2244(d)(1)(A). Alternatively, the time begins to run from the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(D). The one year statute of limitations is tolled during the time in which a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2).

5. Petitioner's judgment and sentence was entered on July 26, 1997. Answer, Exhibit A. Petitioner timely filed a notice of direct appeal. Answer, Exhibit Q. The New Mexico Court of Appeals affirmed his conviction. Answer, Exhibit DD. Petitioner's direct appeal became final ninety days after his petition for writ of *certiorari* was denied by the New Mexico Supreme Court. Answer, Exhibit FF; see Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir.2001) (holding that a conviction becomes final for *habeas* purposes when the ninety-day period for filing a petition for a writ of

*certiorari* to the United States Supreme Court has expired); see also Sup.Ct. R. 13. Consequently, the one year limitation period for Petitioner to file the instant *habeas* petition began to run on July 13, 1999.

6. On April 12, 1999, Petitioner filed a petition for writ of *habeas corpus* in state court. Answer, Exhibit HH. Accordingly, the one year period of limitations was tolled until the resolution of that proceeding. 28 U.S.C. §2244(d)(2). Petitioner's state *habeas* proceeding concluded on October 9, 2001 when the New Mexico Supreme Court denied *certiorari* review of the denial of the petition. Answer, Exhibit KK. At that time, there were ninety-two days remaining of the one-year limitations period. Petitioner did not file the instant federal *habeas* petition until January 18, 2002, one hundred and one days after the conclusion of his state collateral proceeding. Consequently, the instant *habeas* petition is untimely by nine days.

7. Petitioner argues that the tolling of the one-year limitations period should be extended by another ninety days to allow for a petition to the United States Supreme Court for *certiorari* review of the denial of his state *habeas* petition. This argument is unavailing. In Duncan v. Walker, 533 U.S. 167, 180 (2001), the Supreme Court held that the tolling period found in §2244(d)(2) applies only to state proceedings and not during the pendency of applications for federal review. Consequently, even if Petitioner did seek *certiorari* review by the United States Supreme Court of the denial of his state *habeas* petition, his time to file a federal *habeas* petition would not have been tolled.

7. The grounds asserted by Petitioner, that his counsel was ineffective and that his trial was rendered unfair by the jury's view of him in restraints, were apparent at the time of sentencing. Consequently, there is no reason that the one year limitation period should not have begun once his

3

sentence was final. However, in response to Respondent's motion to dismiss, Petitioner argues that he should be given the benefit of equitable tolling because the length of time it took the state of New Mexico to resolve his direct appeal and his *habeas* petition.

8. The one-year statute of limitations may be equitably tolled, although only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000), cert. denied, 531 U.S. 1194 (2001). Petitioner has the burden of demonstrating that equitable tolling should apply. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998) (refusing to apply equitable tolling because the petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). As noted, equitable tolling is appropriate only in exceptional circumstances. See Miller, 141 F.3d at 978. Petitioner's claims do not allege exceptional circumstances wherein equitable tolling would be appropriate. Further, he has not explained how the long pendency of his state *habeas* petition prevented him from timely filing the instant petition.

## RECOMMENDED DISPOSITION

That Respondent's motion to dismiss be granted and this petition be dismissed with prejudice as time barred pursuant to 28 U.S.C. §2244(d)(1).

DON J. SVET
UNITED STATES MAGISTRATE JUDGE